**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Bonnie Delorme, | ) |
| | ) **ORDER DENYING PLAINTIFF'S** |
| Plaintiff, | ) **MOTION TO ALTER ORDER** |
| | ) **OF DISMISSAL OR CERTIFY** |
| vs. | ) **QUESTION** |
| | ) |
| Autos, Inc., a North Dakota Corporation | ) Case No. 4:11-cv-039 |
| d/b/a/ Global Auto; RW Enterprises, Inc., | ) |
| a North Dakota Corporation; Robert | ) |
| Opperude, an individual; Randy Westby, an | ) |
| individual; and James Hendershot, an | ) |
| individual, | ) |
| | ) |
| Defendants. | ) |

Before the Court is plaintiff Bonnie Delorme's "Motion to Alter Order of Dismissal of Count I Usury or Alternatively Seeking Certification of Question of State Law to the Supreme Court of the State of North Dakota" filed on May 23, 2012. See Docket Nos. 66 and 69. The Defendants filed responses in opposition to the motion on June 11, 2012. See Docket Nos. 71 and 73. For the reasons explained below, the motion is denied.

**I.     BACKGROUND**

On May 8, 2012, the Court issued an "Order Denying Plaintiff's Motion for Class Certification and Denying Plaintiff's Motion for Partial Summary Judgment." See Docket No. 65. The Court dismissed Count I of Delorme's complaint, usury. The Court also dismissed Count III, violation of the North Dakota Retail Installment Sales Act, as to defendants RW Enterprises and Randy Westby.

On May 23, 2012, Delorme filed a "Motion to Alter Order of Dismissal of Count I Usury or Alternatively Seeking Certification of Question of State Law to the Supreme Court of the State of North Dakota." See Docket No. 66. Delorme requests that the Court reverse its prior order and reinstate usury as a pending cause of action. In the alternative, she requests that the Court certify the following questions to the North Dakota Supreme Court:

a. Does a merchant meet the disclosure requirements of Chapter 51-13, N.D.C.C., when such a merchant charges a retail credit customer both a "300.00 loan fee" and a "$195.00 document preparation fee" but fails to include either such fee within the calculation and disclosure of the Annual Percentage Rate and Finance Charge? and;

b. May a retail merchant which fails to meet the disclosure requirements of Chapter 51-13, N.D.C.C., and which charges and collects a rate of interest in excess of that permitted by the State's usury limitations (Section 41-14-09, N.D.C.C.) be subject to the civil penalties afforded victims of usurious lending set forth in Chapter 47-14-10, N.D.C.C.?

See Docket No. 66.

The Defendants filed responses in opposition to the motion on June 11, 2012. See Docket No. 71 and 73. They contend Delorme has not presented any new arguments or evidence justifying an alteration or reversal of the Court's prior order. They also argue the motion to certify questions to the North Dakota Supreme Court should be denied as untimely because it was filed after Delorme suffered an adverse judgment.

## II. LEGAL DISCUSSION

### A. MOTION TO ALTER ORDER OF DISMISSAL

Delorme requests that the Court alter its prior order and reinstate the usury cause of action. The Eighth Circuit Court of Appeals has instructed that when such a motion is directed at a non-final

2

order, as is the case here, it should be construed as a Rule 60(b) motion. The Eighth Circuit has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1987). A district court has "wide discretion" in ruling on a Rule 60(b) motion. Sellers v. Mineta, 350 F.3d 706, 716 (8th Cir. 2003). Rule 60(b) "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). "It is not a vehicle for reargument on the merits." Id. (denying relief under Rule 60(b) when the movant "did nothing more than reargue, somewhat more fully, the merits of their claim . . . .").

Delorme makes the same arguments that she made in support of her motion for partial summary judgment: that Mandan Supply v. Steckly, 244 N.W.2d 798 (N.D. 1976) has been legislatively overturned and the contract between Delorme and Autos, Inc. fails to meet the disclosure requirements of Chapter 51-13 of the North Dakota Century Code. The Court finds that Delorme has not shown that exceptional circumstances exist which justify relief under Rule 60(b). Delorme's motion to alter the Court's order dismissing the usury cause of action is denied.

### B.     MOTION TO CERTIFY QUESTIONS

Rule 47 of the North Dakota Rules of Appellate Procedure permits the North Dakota Supreme Court to answer questions of law certified to it by federal courts and appellate courts of other states if the following conditions are met:

> (1) questions of law of [North Dakota] are involved in any proceeding before the certifying court which may be determinative of the proceeding;

3

>(2) it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of [North Dakota].

Certification of a question of law to a state court "rests in the sound discretion of the federal court." Perkins v. Clark Equip. Co., 823 F.2d 207, 209 (8th Cir. 1987) (quoting Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974)).  The Eighth Circuit Court of Appeals has explained, "[A]bsent a 'close' question and lack of state sources enabling a nonconjectural determination, a federal court should not avoid its responsibility to determine all issues before it."  Id. (quoting Shakopee Mdewakanton Sioux Cmty. v. City of Prior Lake, Minn., 771 F.2d 1153, 1157 n.2 (8th Cir. 1985)).  The Eighth Circuit Court of Appeals has also stated:

>In the absence of controlling precedent in the decisions of the [state supreme court] which would enable this court to reach a sound decision without indulging in speculation or conjecture, we believe the better practice is to seek a definitive resolution of this state law question[] by the [state supreme court].

Kulinski v. Medtronic Bio-Medicus, Inc., 112 F.3d 368, 372 (8th Cir. 1997) (quoting Kaiser v. Memorial Blood Ctr. of Minneapolis, Inc., 938 F.2d 90, 93-94 (8th Cir. 1991)).

Delorme requests that the Court certify the following questions to the North Dakota Supreme Court:

> a. Does a merchant meet the disclosure requirements of Chapter 51-13, N.D.C.C., when such a merchant charges a retail credit customer both a "300.00 loan fee" and a "$195.00 document preparation fee" but fails to include either such fee within the calculation and disclosure of the Annual Percentage Rate and Finance Charge? and;
>
> b. May a retail merchant which fails to meet the disclosure requirements of Chapter 51-13, N.D.C.C., and which charges and collects a rate of interest in excess of that permitted by the State's usury limitations (Section 41-14-09, N.D.C.C.) be subject to the civil penalties afforded victims of usurious lending set forth in Chapter 47-14-10, N.D.C.C.?

See Docket No. 66.  The Court declines to do so.  The Court has already ruled on these issues in its prior order:

> The Court finds that the contract between Delorme and Autos, Inc. meets the disclosure requirements of N.D.C.C. § 51-13-02(2).  According to the plain language of N.D.C.C. § 51-13-01, Autos, Inc. is a regulated lender and is not subject to the usury statute, N.D.C.C. § 47-14-09.

See Docket No. 65, p. 16.  Therefore, Delorme's motion for certification of questions is denied.

## IV.   CONCLUSION

The Court has carefully considered the entire record, the parties' briefs, and relevant case law.  Delorme's "Motion to Alter Order of Dismissal of Count I Usury or Alternatively Seeking Certification of Question of State Law to the Supreme Court of the State of North Dakota" (Docket Nos. 66 and 69) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of July, 2012.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court